```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :   USDC SDNY
MICHAEL FOGEL, *individually and on*                    :   DOCUMENT
*behalf of all others similarly situated*,              :   ELECTRONICALLY FILED
                                                        :   DOC #: _____
                                                        :   DATE FILED: February 21, 2018
                              Plaintiff,                :
                                                        :
             v.                                         :   13 Civ. 2282 (KPF)
                                                        :
WAL-MART DE MÉXICO SAB de CV,                           :   OPINION AND ORDER
ERNESTO VEGA, SCOT RANK, and                            :
WAL-MART STORES, INC.,                                  :
                                                        :
                              Defendants.               :
                                                        :
------------------------------------------------------- X
```

KATHERINE POLK FAILLA, District Judge:

On February 27, 2017, the Court terminated this action when it dismissed Plaintiff Michael Fogel's Second Amended Complaint with prejudice, thus denying leave to file a Third Amended Complaint. The Second Amended Complaint brought class-action claims for securities fraud against Defendants Walmart de México SAB de CV ("Wal-Mex"), its employees Ernesto Vega and Scot Rank, and Wal-Mart Stores, Inc. ("Wal-Mart"). Plaintiff now moves under Federal Rule of Civil Procedure 59(e) to amend the judgment to provide that the dismissal of the Second Amended Complaint was without prejudice and to allow Plaintiff to file a Third Amended Complaint. For the reasons that follow, the Court denies the motion.

# BACKGROUND[1]

### A. The Second Amended Complaint

#### 1. Plaintiff's Allegations

Due to the Court's previous comprehensive discussion of the facts, allegations, and procedural posture of this case, the Court mentions here only what is necessary to resolve the instant motion. *See Fogel* v. *Wal-Mart de México SAB de CV*, No. 13 Civ. 2282 (KPF), 2017 WL 751155, at *2-5 (S.D.N.Y. Feb. 27, 2017). According to the Second Amended Complaint ("SAC"), which relies in large part on a 2012 *New York Times* article, Wal-Mex employees and executives participated in a bribery scheme involving payments to Mexican intermediaries that were designed to expedite the company's ability to build retail locations and expand its operations in Mexico. *Id.* at *3-4. This scheme was allegedly the subject of an internal investigation by Wal-Mart in 2005 and 2006. *Id.* at *3.

The SAC claimed that, given their knowledge of these investigations, Wal-Mex, Wal-Mex executives Ernesto Vega and Scot Rank, and Wal-Mart made material misrepresentations and omissions regarding the alleged bribery scheme in Wal-Mart's Annual Reports for the years 2004 through 2011; Wal-Mex's website; Wal-Mart's December 8, 2011 Form 10-Q for the third fiscal

---

[1] The Court draws from the parties' submissions in connection with this motion, including Plaintiff's motion to alter or amend the judgment and for leave to amend the Second Amended Complaint ("Pl. Br." (Dkt. #143-1)); Plaintiff's proposed Third Amended Complaint ("Proposed TAC" (Dkt. #120-1)); and interrogatory responses by Wal-Mart submitted in a parallel securities fraud action ("Parallel Def. Interrog. 2(A)-(C) Resp."; "Parallel Def. Am. Interrog. 8(14) Resp." (Dkt. #120-4)). The Court also refers to the Original Complaint ("OC" (Dkt. #1)) and the Second Amended Complaint ("SAC" (Dkt. #94)) filed in this action.

quarter of 2012; and press releases and reports published by its Audit & Corporate Practice Group in January through April of 2012. *See Fogel*, 2017 WL 751155, at *5. Based on these allegations, the SAC included claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. *Id.* at *1.

### 2. The Court Dismisses the SAC and Denies Leave to Amend

The Court dismissed the SAC on February 27, 2017, citing several different grounds on which Plaintiff's claims failed. *See Fogel*, 2017 WL 751155, at *19. The Court dismissed two groups of the claims as untimely, based on the five-year statute of repose or the two-year statute of limitations contained in the Sarbanes-Oxley Act of 2002, Pub. L. 107-204, 116 Stat. 801 (codified as amended at 28 U.S.C. § 1658). *First*, based on the SAC's filing date of April 7, 2016, the Court held that the Sarbanes-Oxley Act's five-year statute of repose barred any claims based on statements made before April 5, 2008, including any statements in the 2004, 2005, or 2006 Annual Reports. *Fogel*, 2017 WL 751155, at *9. *Second*, under Sarbanes-Oxley's two-year statute of limitations, the Court dismissed all claims raised after April 24, 2014, which included those against Wal-Mart and Rank and all claims other than those in Plaintiff's original complaint (or "OC") against Wal-Mex and Vega. *Id.* at *9-12.[2]

---

[2] The new claims against Wal-Mex and Vega included those based on Wal-Mart's December 2011 Form 10-Q, and Wal-Mex's press releases and Audit & Corporate Practice Group reports published in December 2011 and January through April of 2012. *Fogel*, 2017 WL 751155, at *13.

3

The Court reasoned that the claims against Wal-Mex and Vega that were alleged in the First Amended Complaint did not relate back to Plaintiff's timely claims in the OC under Federal Rule of Civil Procedure 15. *Id.*

The remainder of Plaintiff's timely allegations failed to state a claim under Sections 10(b) and 20(a) and Rule 10b-5. *See Fogel*, 2017 WL 751155, at *13-18. The Court reasoned that Plaintiff's Section 10 and Rule 10b-5 claims failed to plead adequately the requisite element of scienter, as Vega's alleged scienter was premised solely on his status within the corporation, and no employee acted with scienter that could be imputed to Wal-Mex. *See id.* at *15-16. In addition, Plaintiff's timely claims failed to plead an actionable misrepresentation or omission, but rather were mere "puffery" or were not demonstrably false under the heightened pleading standard applicable to securities fraud claims. *See id.* at *17. Finally, the Court dismissed any alleged scheme-liability claim as either untimely or insufficiently distinct from an alleged misstatement, and dismissed the Section 20(a) claim for control-person liability in light of Plaintiff's failure to allege a primary securities violation. *Id.* at *17-18.

The Court also denied Plaintiff's request for leave to amend the SAC and file a Third Amended Complaint ("TAC"), finding that such amendment would be futile. *Fogel*, 2017 WL 751155, at *18-19. In doing so, the Court specifically noted that Plaintiff had "been afforded a more-than-ample opportunity to allege his claims," and that in granting Plaintiff leave to file the SAC, "the Court indicated … that it did not anticipate further amendment

4

requests." *Id.* at *19. The Court also found that despite having three chances to plead a valid claim, Plaintiff's core allegations remained the same. *Id.*

**B.    Plaintiff Moves to Amend the Judgment and to File a Third Amended Complaint**

Undeterred, on March 23, 2017, Plaintiff filed a motion to alter the judgment to allow Plaintiff to amend the SAC. (Dkt. #118).[3] The motion includes interrogatory responses that Wal-Mart had filed in a parallel securities case involving similar allegations against the company, along with a proposed TAC. (*See* Dkt. #120-1, -4). On April 28, 2017, Defendants filed an opposition to the motion (Dkt. #132), and on May 9, 2017, Plaintiff replied to the opposition (Dkt. #135). After reviewing these submissions, the Court struck them from the docket on August 2, 2017, finding unacceptable both the "tone" and "formatting" of Plaintiff's brief, as well as both "parties' formatting stratagems" to circumvent the Court's page limitations. (Dkt. #142).[4] The

---

[3]    Immediately following this filing, on March 28, 2017, the Court granted a motion by Defendants to seal the memorandum in support of Plaintiff's motion as well as a number of its attachments. (Dkt. #121). The following day, Plaintiff submitted a letter requesting that the Court vacate its order. (Dkt. #122). And a day later, the Court denied Plaintiff's request, explaining that it granted Defendants' motion because "the balance of interests at stake ... favor[ed] granting Defendants' request" and that the Court granted the motion without a response from Plaintiff because the Court understood the request to be time sensitive. (Dkt. #123).

On April 11, 2017, Plaintiff moved for reconsideration of the order granting Defendants' request for sealing. (Dkt. #126). In doing so, Plaintiff attached certain documents that Defendants had promptly requested to seal. (Dkt. #128, 129). On April 14, 2017, the Court granted Defendants' request to seal, noting that the Court was "troubled by its sense that Plaintiff filed the ... motion in an attempt to circumvent the very Order that the motion requests the Court reconsider." (Dkt. #131). The Court thus denied Plaintiff's motion for reconsideration, but "recogniz[ing] that Plaintiff has made arguments worthy of further deliberation," denied the motion without prejudice to renewal upon the Court's resolution of the motion to alter the judgment. (*Id.*).

[4]    For instance, although the body of Plaintiff's opening brief (not including the signature page) was 25 pages, it included a total of 39 footnotes. (*See* Dkt. #118).

5

Court thus ordered the parties to file replacement briefs that eschewed footnotes and other "formatting shenanigans." (*Id.*).

On September 4, 2017, Plaintiff filed a replacement motion and brief in support of the motion. (Dkt. #143). On October 2, 2017, Defendants filed a replacement opposition brief (Dkt. #145), and on October 16, 2017, Plaintiffs filed a replacement brief replying to Defendants' opposition (Dkt. #146).

## DISCUSSION

### A. Applicable Law

"A party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to [Federal Rules of Civil Procedure] 59(e) or 60(b)." *Ruotolo* v. *City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citing *Nat'l Petrochemical Co. of Iran* v. *M/T Stolt Sheaf*, 930 F.2d 240, 244-45 (2d Cir. 1991)). Here, Plaintiff moves under Rule 59(e), which reads in full, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Although "Rules 59(a)-(d) by their terms apply only to cases that have been tried, Rule 59(e) is not limited by its language to judgments entered after trial," and where, as here, a case is "dismissed on motion ... and judgment entered accordingly[,] courts routinely consider Rule 59(e) motions to alter or amend such a judgment." *United States* v. *Lloyds TSB Bank PLC*, 639 F. Supp. 2d 326, 328 (S.D.N.Y. 2009).

A party seeking relief under Rule 59(e) must show that the court "overlook[ed] controlling decisions or factual matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court." *In re Initial Pub. Offering Sec.*

6

*Litig.*, 399 F. Supp. 2d 261, 262 (S.D.N.Y. 2005) (quoting *Range Road Music, Inc.* v. *Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (interpreting Local Civil Rule 6.3); *see also In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, No. 08 MDL 1963 (RWS), 2011 WL 4357166, at *1 (S.D.N.Y. Sept. 13, 2011) ("The standards governing motions under both Rule 59(e) and Local Civil Rule 6.3 are the same[.]").  Alternatively, a court may grant a Rule 59(e) motion based on an intervening change in law, newly discovered evidence, or "to correct a clear error or prevent manifest injustice." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d at 262; *Universal Trading & Inv. Co.* v. *Tymoshenko*, No. 11 Civ. 7877 (PAC), 2013 WL 1500430, at *1 (S.D.N.Y. Apr. 10, 2013) (observing that a Rule 59(e) motion "will generally be denied unless the movant can point to an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" (internal citation and quotation marks omitted)). Such relief, however, "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Tymoshenko*, 2013 WL 1500430, at *1 (quoting *Parrish* v. *Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)).

In considering such motions, courts should "avoid repetitive arguments on issues that have been considered fully," as such a motion "is not a substitute for appeal." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d at 262 (internal citations omitted).  A court should deny such motion "where the moving party is solely attempting to relitigate an issue that already has been

7

decided," and must remain vigilant "to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *In re CRM Holdings, Ltd. Sec. Litig.*, No. 10 Civ. 975 (RPP), 2013 WL 787970, at *3 (S.D.N.Y. Mar. 4, 2013) (internal citations omitted). Indeed, "[i]t is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Sequa Corp.* v. *GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

The Second Circuit has explained that because of the liberality with which courts grant leave to amend under Rule 15, the interest in finality generally applicable to post-judgment motions may give way to allow courts "to take into account the nature of the proposed amendment in deciding whether to vacate [a] previously entered judgment." *Williams* v. *Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011) (quoting *Ruotolo*, 514 F.3d at 191). At the same time, "[w]here … a party does not seek leave to file an amended complaint until after judgment is entered, Rule 15's liberality must be tempered by considerations of finality." *Id.* "Although the decision of whether to allow plaintiffs to amend their complaint is left to the sound discretion of the district court, there must be good reason to deny the motion," such as futility. *Acito* v. *IMCERA Grp., Inc.*, 47 F.3d 47, 55 (2d Cir. 1995).

## B. Plaintiff Is Not Entitled to Relief Under Rule 59(e)

### 1. Plaintiff's Arguments Regarding the Court's Dismissal of Untimely Claims Are Not Grounds for Relief Under Rule 59

The Court will begin by considering Plaintiff's argument as to why the Court erred in dismissing as untimely the claims in Plaintiff's SAC against Wal-Mex and Vega, which claims, the Court held, did not relate back to the OC.[5] Plaintiff argues "[t]his Court was in error when it held that Plaintiff brought 'new claims with regard to Wal-Mex and Vega premised on Wal-Mex's press releases and the Audit & Corporate Practice reports.'" (Pl. Br. 22 (quoting *Fogel*, 2017 WL 751155, at *13)). But in so arguing, Plaintiff rather transparently attempts to "relitigat[e] old issues" that this Court decided in its dismissal order. *Sequa Corp.*, 156 F.3d at 144.

It is telling that Plaintiff neither points to new evidence nor identifies facts or law that the Court overlooked. Rather, Plaintiff expands on the arguments raised in opposition to Defendants' motion to dismiss the SAC, pointing to similarities between the OC and SAC. (*Compare, e.g.*, Pl. Br. 22 ("Like the SAC, the OC is replete with references to Wal-Mex's internal audit and corporate governance practices."), *with* Pl. MTD Opp. 17 (Dkt. #103) ("The pleadings present a substantially identical class definition, allege substantially identical theories of loss, and bring substantially identical causes of action[.]" (internal citations omitted)). Indeed, Plaintiff has submitted a chart as an exhibit to the Rule 59 motion comparing these similarities (Dkt. #120-7), but

---

[5] Plaintiff does not take issue with the Court's dismissal of claims against Wal-Mart and Rank as untimely.

9

the chart only underscores that Plaintiff is impermissibly treating Rule 59 "as a substitute for appealing a final judgment." *In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 2011 WL 4357166, at *1.

Moreover, Plaintiff's Rule 59 motion relies on authority the Court expressly considered in ruling on the motion to dismiss. (*Compare*, Pl. Br. 21-24, *with Fogel*, 2017 WL 751155, at *12-13 (both citing *Slayton* v. *Am. Express Co.*, 460 F.3d 215 (2d Cir. 2006); *Stevelman* v. *Alias Research Inc.*, 174 F.3d 79 (2d Cir. 1999))). Those cases hold that an allegation in an amended complaint may relate back to an earlier-filed complaint where the allegation involves the same facts raised in the earlier complaint. *See Slayton*, 460 F.3d at 228; *Stevelman*, 174 F.3d at 86 ("Under Fed. R. Civ. P. 15(c), the central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations 'by the general fact situation alleged in the original pleading.'" (quoting *Rosenberg* v. *Martin*, 478 F.2d 520, 526 (2d Cir. 1973)). Plaintiff argues that these cases "support[] Plaintiff's position that the SAC relates back to the original complaint." (Pl. Br. 21). But this argument does not raise any fact or law of which the Court was not previously aware. *See United States* v. *Painting known as Le Marche*, No. 06 Civ. 12994 (RJS), 2010 WL 2229159, at *4 (S.D.N.Y. May 25, 2010) (denying Rule 59(e) motion containing "legal arguments [that] ha[d] already been presented to, considered, and decided by the Court"), *aff'd sub nom. United States* v. *Davis*, 648 F.3d 84 (2d Cir. 2011); *In re Taub*, 421 B.R. 93, 109-10 (Bankr. E.D.N.Y. 2009) (denying Rule 59(e) motion that only

10

"expresse[d] the [movant]'s disagreement with the Court's reasoning and reemphasize[d] the law and facts with which th[e] [c]ourt [was] already familiar").

The Court therefore finds no basis to amend its dismissal of the untimely claims against Wal-Mex and Vega. Plaintiff first stated these claims outside of Sarbanes-Oxley's two-year statute of limitations, and Plaintiff presents no reason why the Court's decision that they did not relate back to the OC causes manifest injustice or constitutes clear error. *See Tymoshenko*, 2013 WL 1500430, at *1.

### 2. Plaintiff Has Not Presented Newly Discovered Evidence That Would Have Altered the Court's Decision

The remainder of Plaintiff's motion outlines what he claims is "newly" or "recently discovered evidence," consisting of Wal-Mart's discovery responses in a parallel securities case against Wal-Mart involving similar allegations, *City of Pontiac General Employees' Retirement System* v. *Wal-Mart Stores, Inc.*, No. 5:12 Civ. 5162 (SOH) (W.D. Ark.). Those discovery responses include interrogatory responses detailing "Wal[-Mart] employees and board members [who] provided or received drafts, or provided or received comments on such drafts, regarding statements related to the allegations in the Amended Complaint [in the parallel case] in Wal-Mart Stores Inc.'s Form 10-Q, Filed with the SEC on December 8, 2011," "Form 10-K, filed with the SEC on March 27, 2012," and "Form 10-Q, filed with the SEC on June 1, 2012." (Parallel Def. Interrog. 2(A)-(C) Resp.). They also include interrogatory responses that provide "non-attorney Wal-Mart employees and board members [who] became aware, or were informed, of

11

allegations that employees of Wal-Mart de México had bribed Mexican officials in order to obtain building permits." (Parallel Def. Am. Interrog. 8(14) Resp.).

At the outset, the Court notes that Plaintiff is merely utilizing his Rule 59 motion as a vehicle to remedy the SAC's failures. *Cf. In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d at 263 ("The purpose of Local Rule 6.3 is 'to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" (quoting *Carolco Pictures, Inc.* v. *Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y 1988)). Plaintiff concedes as much by arguing, "Plaintiff's proposed TAC ... remedies deficiencies noted by the Court in the [dismissal order], and states a claim even under this Court's articulation of the governing law." (Pl. Br. 2). What is more, the documents Plaintiff presents as "newly" (or, more accurately, "recently") discovered were publicly available on February 7, 2017 (*see* Dkt. #120-4), nearly three weeks *before* the Court issued its decision on February 27, 2017 (*see* Dkt. #116). *See Tymoshenko*, 2013 WL 1500430, at *1 (finding "without merit" arguments supporting Rule 59(e) motion where "[t]hey consist largely of requests to plead previously available evidence"); *cf. In re CRM Holdings, Ltd. Sec. Litig*, 2013 WL 787970, at *9 (rejecting motion for reconsideration under Local Civil Rule 6.3 where "decisions and complaints to which [movant] refer were all filed — and publicly available — prior to the publication of this Court's Opinion[.]").

Nevertheless, even considering the evidence Plaintiff presents, along with his proposed TAC, the Court finds no grounds to amend its previous judgment.

Plaintiff asserts that in light of this this new evidence, the TAC sufficiently pleads scienter and shows that statements made during the class period were materially false and misleading so as to be actionable. The Court acknowledges that this evidence might make the element of scienter a closer call; significantly, however, it does not aid Plaintiff in showing that the alleged misrepresentations were actionable.

### a. Plaintiff's New Evidence of Material Misrepresentations Would Not Change the Court's Decision

Claims under Section 10(b) and Rule 10b-5 "sound in fraud," and are thus subject to a heightened pleading standard under Federal Rule of Civil Procedure 9(b) that requires the complaint to "[i] specify the statements that the plaintiff contends were fraudulent, [ii] identify the speaker, [iii] state where and when the statements were made, and [iv] explain why the statements were fraudulent." *Barrett* v. *PJT Partners Inc.*, No. 16 Civ. 2841 (VEC), 2017 WL 3995606, at *4 (S.D.N.Y. Sept. 8, 2017) (quoting *ATSI Commc'ns, Inc.* v. *Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007)). In addition, under the Private Securities Litigation Reform Act of 1995, Pub. L. 104-67, 109 Stat. 737 (codified as amended in various sections of 15 U.S.C.), a complaint for securities fraud must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the Complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1).

Plaintiff's proposed TAC contains a compendium of statements issued by Wal-Mex, and it (along with Plaintiff's Rule 59 motion) hones in on six statements forming the basis of Plaintiff's claims:

(i) From Wal-Mex's 2004, 2005, 2006, 2008, 2009, 2010, and 2012 Annual Report, "For [Wal-Mex], honesty and integrity continue being non-negotiable core values, and we always ensure that they permeate and govern all our activities" (TAC ¶¶ 189, 191, 193-96, 198(a));

(ii) from Wal-Mex's website, "We do not tolerate, permit, or engage in bribery, corruption or unethical practices of any kind" (TAC ¶ 188(a));

(iii) from Wal-Mex's 2010 and 2011 Annual Report, and an Audit & Corporate Practice Committee Report issued on February 20, 2012, "In the performance of our duties, we have maintained strict compliance not only with the Mexican Securities Market Law...." (TAC ¶¶ 195, 212, 235, 244);

(iv) from a December 9, 2011 Wal-Mex Press Release, "Walmart de México y Centroamérica is committed to act with integrity and in full compliance of the law" (TAC ¶ 227);

(v) from Wal-Mex's 2011 Annual Report and February 20, 2012 Audit & Corporate Practice Committee Report, "We analyzed the status of the internal control system and were informed in detail of the Internal and Independent Audit programs and work development, as well as the main aspects requiring improvement and follow-up on implemented preventive and corrective measures. Therefore, our opinion is that all effectiveness requirements have been properly met for the Company to operate under a general control environment" (TAC ¶¶ 235, 244); and

(vi) from those same documents, "it is our opinion that the accounting and reporting policies, and criteria followed by the Company are adequate and sufficient and have been consistently applied" (TAC ¶¶ 235, 244).

14

(*See also* Pl. Br. 13-14). These statements, however, remain not timely or not actionable.

To begin, the Court previously dismissed as untimely any claims premised on the last four statements listed above insofar as they were contained in the Audit & Corporate Practice Committee Report or the 2011 Wal-Mex Press Release. *See Fogel*, 2017 WL 751155, at *13; *see generally* OC (lacking allegations related to such statements). And, as provided above, the Court finds no reason to amend that judgment. In addition, Plaintiff fails to point to any allegation in either the OC or the SAC providing that Wal-Mex was in violation of Mexican securities law. (*See* Pl. Br. 24 (citing OC ¶ 22 (restating allegedly false statement in 2011 Annual report); SAC ¶ 196 (same))). The Court thus proceeds to consider the remaining statements.

These statements, as stated in the Court's prior Opinion, are mere "puffery." *Fogel*, 2017 WL 75115, at *17. Indeed, the law within this Circuit remains "well-established that general statements about reputation, integrity, and compliance with ethical norms" — such as the alleged misstatements above regarding Wal-Mex's "honesty and integrity" or abstention from "bribery, corruption or unethical practices of any kind" — "are inactionable puffery." *City of Pontiac Policemen's & Firemen's Ret. Sys.* v. *UBS AG*, 752 F.3d 173, 183 (2d Cir. 2014). And courts within this District have dismissed similar claims on the same grounds. *See, e.g.*, *In re Braskem S.A. Sec. Litig.*, 246 F. Supp. 3d 731, 755 (S.D.N.Y. 2017) (dismissing claims based on statements touting company's "'trustworth[y]' culture, its commitment to 'integrity,' its 'compliance

15

with the laws,' its 'fundamental values such as transparency, ethics, clarity of information and responsibility for Supply decisions,' and its commitment to 'transparency and good corporate governance practices'" (internal citations omitted)); *City of Brockton Ret. Sys.* v. *Avon Prod., Inc.*, No. 11 Civ. 4665 (PGG), 2014 WL 4832321, at *16 (S.D.N.Y. Sept. 29, 2014) (dismissing claims based on statements that company's employees "will observe the very highest standards of ethics" and "[b]ribes, kickbacks and payoffs to government officials, suppliers and other[s] are strictly prohibited").

Plaintiff thus fails to present valid grounds under Rule 59 to amend the Court's previous judgment holding these statements untimely or inactionable. Given this valid basis to uphold the Court's prior order, the Court need not consider whether Plaintiff's newly submitted evidence could have altered the Court's determination on the element of scienter.

### 3. Plaintiff Has Not Established That the Court Overlooked Any Fact or Law That Might Have Altered Its Decision

Finally, Plaintiff claims that in ruling on the motion to dismiss the SAC, the Court overlooked two matters, thus requiring amendment of the judgment. The Court can swiftly dispense with these arguments.

*First*, Plaintiff claims the dismissal order "incorrectly states the 'anticompetitive conduct [the bribery] **ended in 2005**'" — incorrect, it is claimed, because "the SAC never alleges that the bribery at Wal-Mex ended in 2005." (Pl. Br. 8 (quoting *Fogel*, 2017 WL 751155, at *1)). Plaintiff then quotes an excerpt of the *New York Times* article cited in the OC as stating that as of the date of a December 2005 report on the bribery allegations, "gestores were

16

still being used" by Wal-Mex to obtain building permits in exchange for bribes. (*Id.* (quoting OC ¶ 31)).[6] This excerpt does not establish, however, that Wal-Mex continued to use gestores beyond December 2005; nor do the paragraphs of the SAC and proposed TAC to which Plaintiff cites. (*See* Pl. Br. 8 (citing SAC ¶¶ 136, 237, 246; Proposed TAC ¶¶ 136, 237, 246)).

*Second*, Plaintiff claims that "scienter was timely alleged for statute of limitations purposes against Wal-Mex" because, "as previously argued, and erroneously overlooked by this Court," the SAC alleged that the Chairman of the Wall-Mex Board in 2012 "knew of the bribery, and the cover-up" and that the 2012 Board's Secretary "was implicated in the bribery." (Pl. Br. 9 (emphasis removed)). Even assuming *arguendo* that the Court overlooked these allegations, they would not provide reason for the Court to amend its prior judgment because they would not cure the deficiencies of Plaintiff's claims, as identified above. Indeed, these allegations do not undermine the Court's determination that none of the timely claims is based on an actionable misstatement or omission. The Court thus rejects Plaintiff's claim for relief under Rule 59 on these grounds.

In sum, because the Court finds no grounds on which to grant Plaintiff's Rule 59 motion, it shall not grant Plaintiff leave to amend the Second Amended Complaint. *See Desarrolladora Farallon S. de R.L. de C.V.* v. *Cargill Fin. Servs. Int'l, Inc.*, 666 F. App'x 17, 25-26 (2d Cir. 2016) (summary order) ("[B]ecause

---

6     As the Court previously explained, "'[g]estores' are middlemen 'used in México to help companies to perform a variety of tasks, from obtaining residency permits and resolving tax issues to obtaining planning authorization." *Fogel*, 2017 WL 751155, at *3 n.8.

17

[party's] Rule 59 and Rule 60 motions were properly denied, its accompanying motion to amend its complaint was properly denied as well. (citing *Ruotolo*, 514 F.3d at 191)).

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion is DENIED. The Clerk of Court is directed to terminate the motion pending at Docket Number 118.

SO ORDERED.

Dated: February 21, 2018
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge